FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 31 2019

RICK WARREN
COURT CLERK

30_____

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**

**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| (1.) HAROLD W. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | **CJ-2019-576** |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| (1.) THE TOWN OF VALLEY BROOK, | ) | |
| (2.) Town of Valley Brook, Police Chief Michael Stamp, | ) ) | |
| (3.) John Doe Officer 1, and | ) | |
| (4.) John Doe Officer 2. | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW the Plaintiff, Harold W. Brown, by and through his attorneys of record, Jeffrey J. Box and Marvel E. Lewis, alleges and states as follows:

### PARTIES

1. The Plaintiff, Harold W. Brown, is and at all times relevant to this action a citizen and resident of the State of Oklahoma.

2. The Town of Valley Brook (hereinafter referred to as "Valley Brook") is and at all times relevant to this action a municipal corporation created and organized under the laws of the State of Oklahoma.

3. This Court has jurisdiction over this action, and venue is proper as the acts and conduct of all Defendants alleged in this Petition occurred in Oklahoma County.

## FACTS

4.   Plaintiff adopts and incorporates herein paragraphs 1 through 3 above, as more fully stated out herein, and further alleges and states as follows:

5.   On or about December 1, 2018, Plaintiff was driving home from work and exited off I-35 onto South East 59th Street heading east.

6.   While Plaintiff was driving his vehicle east on South East 59th Street, a Valley Brook Police Department vehicle sped up behind him, activated its emergency lights and pulled Plaintiff over.

7.   Acting under color of law, a Valley Brook Police Officer approached Plaintiff's vehicle on the driver's side and asked Plaintiff for his driver's license.

8.   Plaintiff asked the Valley Brook Police Officer the reason for being stopped and detained. The Valley Brook Police Officer responded that Plaintiff's vehicle had a tag light out. During the conversation that followed, the Valley Brook Police Officer demanded Plaintiff provide his Counsel on Law Enforcement Education and Training (CLEET) certification card.

9.   When Plaintiff refused to provide his CLEET certification card, the Valley Brook Police Officer commanded Plaintiff to exit his vehicle.

10.  Upon Plaintiff exiting his vehicle, the Valley Brook Police Officer aggressively grabbed Plaintiff, turned him around, handcuffed Plaintiff, and placed him under arrest.

11. After handcuffing and placing Plaintiff under arrest, the Valley Brook Police Officer proceeded to walk Plaintiff towards the Valley Brook Police vehicle to be placed in custody.

12. While Plaintiff remained handcuffed and was being placed in the rear passenger seat of the Valley Brook Police Department vehicle, one or more Valley Brook Police Department Officers, without reason, provocation, or justification, violently and purposely slammed Plaintiff's head into the door frame of the police vehicle and then slammed the car door onto Plaintiff's leg, causing severe and painful injuries to Plaintiff.

13. While bleeding and suffering from his injuries, Plaintiff remained handcuffed in custody in the rear passenger seat of the Valley Brook Police vehicle for an extended period of time before being transported to the Valley Brook Police Department.

14. At the request of a Valley Brook Police Officer, an ambulance from EMSA was called by Oklahoma County Dispatch to come to the Valley Brook Police Department to check on Plaintiff due to his injuries.

15. After the paramedics from EMSA treated Plaintiff while he was still in custody at the Valley Brook Police Department, one or more Valley Brook Police Officers then transported Plaintiff to the emergency room at a local hospital for further treatment of his injuries. After the emergency room visit, Plaintiff was transported back to Valley Brook Police Department and booked into jail.

16. Plaintiff was required to post bond through a bondsman at the Valley Brook Police Department to be released and pay a tow/impound fee to have his vehicle returned.

17. South East 59th Street, where the Valley Brook Police Officers stopped, detained, and arrested Plaintiff, is located beyond the northern edge of the Town of Valley Brook, and outside their jurisdiction. The location of the stop, arrest and detention is within the corporate city limits of Oklahoma City, Oklahoma.

18. Municipalities and their law enforcement officers may only enforce violations of law that occur within their jurisdiction and the right to enforce their ordinances at the boundary lines of their jurisdiction is defined specifically by Oklahoma law.

19. The entirety of the South East 59th Street roadway and easements, between Camille Street, to the west, east to Eastern Avenue, is within the jurisdiction and corporate city limits of Oklahoma City, Oklahoma.

20. The City of Oklahoma City annexed eighty three feet (83') of the roadway and easements of the section of South East 59th Street on July 24, 1957.

21. None of the roadway where Plaintiff was stopped, detained, and arrested by the Town of Valley Brook Police Officers was within Defendant Town of Valley Brook's jurisdiction.

22. The Town of Valley Brook Police Officers were acting under color of State law and outside their jurisdiction at the time of Plaintiff's arrest.

## CLAIMS FOR RELIEF
### Count I: 42 U.S.C. § 1983 - Equal Protection Violation

23. Plaintiff adopts and incorporates herein paragraphs 1 through 22 above, as if more fully stated out herein, and further alleges and states as follows:

24. The Town of Valley Brook and its Police Department's official custom, policy and practice is to enforce the Town of Valley Brook's municipal ordinances by conducting traffic stops along the entire South East 59th Street roadway and easements, between Camille Street, to the west, to Eastern Avenue, to the east.

25. The Town of Valley Brook and its Police Department stopped Plaintiff outside its jurisdiction and under color of State law and deprived Plaintiff of his rights secured by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America.

26. The Town of Valley Brook and its Police Department actions were undertaken under the color of State law and constituted deliberate indifference to Plaintiff's rights secured by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America.

27. The Town of Valley Brook and its Police Department's pattern and practice of conducting traffic stops outside its jurisdiction are widespread and the Defendants' above described actions resulted in the deprivation of Plaintiff's rights secured by the Equal Protection Clause of the Fourteenth Amendment to the

Constitution of the United States of America was the sole and proximate cause of damage to Plaintiff.

### Count II: 42 U.S.C. § 1983 - Due Process Violation

28. Plaintiff adopts and incorporates herein paragraphs 1 through 27 above, as if more fully stated out herein, and further alleges and states as follows:

29. The Town of Valley Brook and its Police Department's official custom, policy and practice is to enforce the Town of Valley Brook's municipal ordinances by conducting traffic stops along the entire South East 59th Street roadway and easements, between Camille Street, to the west, to Eastern Avenue, to the east.

30. The Town of Valley Brook and its Police Department, through Police Chief Stamps and its officers' actions were undertaken under the color of State law and deprived Plaintiff of his rights secured by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

31. The Town of Valley Brook and its Police Department's actions were undertaken under the color of State law and constituted deliberate indifference to Plaintiff's rights secured by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America.

32. The Town of Valley Brook and its Police Department's pattern and practice of conducting traffic stops outside its jurisdiction are widespread and the Defendants' above described actions resulted in the deprivation of Plaintiff's rights secured by the Due Process Clause of the Fourteenth Amendment to the Constitution

of the United States of America was the sole and proximate cause of damage to Plaintiff.

### Count III: 42 U.S.C. § 1983 – Fourth Amendment Violation

33. Plaintiff adopts and incorporates herein paragraphs 1 through 32 above, as if more fully stated out herein, and further alleges and states as follows:

34. Plaintiff's Fourth Amendment, as it applies to the states thorough the Fourteenth Amendment right to be secure in his person against unreasonable searches and seizures, was violated upon being coerced from his private automobile excessively, willfully and needlessly and upon his person being stopped, detained, arrested, and searched.

35. The Valley Brook Police Officers did not have a scintilla of justification therefore under the guise of being arrested which was objectively unreasonable and contrary to clearly established law.

35. Thus, Defendants John Doe Officer 1 and John Doe Officer 2 were trespassers ab initio for their deliberate wanton disregard of their duties, law, and defrauding Plaintiff of his Due Process rights.

36. This action resulted directly and only from a use of force of Valley Brook Officers on Plaintiff that was clearly excessive to the need, and Valley Brook's prima facie deliberate indifference to its duties, law, and Plaintiff's rights, which is objectively unreasonable.

37. Plaintiff also claims upon Defendants John Doe Officer 1 and John Doe Officer 2 trespass on his person and violations of clearly established law he was

subjected to false arrest and imprisonment and assault and battery to his person without cause or bona fide criminal process.

38. As a direct and proximate result of Defendants' actions jointly and severally against Plaintiff, whereby violating clearly established law, Plaintiff has suffered injuries to his person.

### Count IV: 42 U.S.C. § 1983 – Fourteenth Amendment Violation

39. Plaintiff adopts and incorporates herein paragraphs 1 through 38 above, as if more fully stated out herein, and further alleges and states as follows:

40. Plaintiff's Fourteenth Amendment right to travel, to be free from false arrest, false imprisonment, assault and battery, and due process was deprived absent procedural due process by Valley Brook Officers seizing, searching, arresting and imprisoning plaintiff's person without cause or bona fide criminal process.

41. As a direct & proximate result of defendants' actions jointly & severally against plaintiff whereby violating clearly established law, plaintiff has suffered injuries to his person.

42. Valley Brook, sued as a person, maintains a policy or custom that subjects a person or persons to deprivations of procedural due process rights under color of state law. Plaintiff's injuries resulted directly from (1) City's said policy or custom; (2) Doe's objectively unreasonable use of force whereby effectuating said policy or custom on plaintiff.

43. Despite Valley Brook's awareness that persons taken into custody are being deprived of proper procedural due process rights, Valley Brook willfully ignored it duties, & law, or actually encouraged the officers' conduct, thereby

displaying an official policy or custom, which was deliberately indifferent to the constitutional rights of persons who its officers come into contact with, & was the moving force behind plaintiff's injuries.

44. Thus, City is liable under 42 U.S.C. § 1983. As a direct and proximate result of Defendants' wanton and reckless disregard and deliberate indifference to their and Valley Brook's duties, plaintiff's rights, and clearly established law jointly and severally, plaintiff has suffered injuries to his person.

### Count V: Notice of Tort Claim

45. Plaintiff adopts and incorporates herein paragraphs 1 through 44 above, as if more fully stated out herein, and further alleges and states as follows:

46. On January 11, 2019, Plaintiff served Defendant Town of Valley Brook a Notice of Tort Claim.

47. Plaintiff reserves the right to add additional claims against all Defendants named herein pending the expiration of the ninety (90) day waiting period.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 as follows:

1. Compensatory damages to be determined by the trier of fact;

2. Actual damages to be determined by the trier of fact;

3. Costs, disbursements, pre-judgment and post-judgment interest, and attorney fees as allowed by law; and

4. Such other relief as the Court deems just and necessary.

Respectfully submitted,

*(signature)*

JEFFREY J. BOX    OBA #19413
Jeffrey J. Box, P.C.
2621 South Western
Oklahoma City, OK  73109
(405) 600-9918
(405) 632-8828 FAX
jeffreybox@coxinet.net

and

*(signature)*

MARVEL E. LEWIS  OBA #19512
Marvel E. Lewis, P.C.
P.O. Box 338
Guthrie, OK  73044
(405) 655-8288
(405) 322-5848 FAX
marvel@marvellewislaw.com

*Attorneys for the Plaintiff*

VERIFICATION ATTACHED
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

10

## VERIFICATION

STATE OF OKLAHOMA        )
                         ) ss.
COUNTY OF OKLAHOMA       )

Harold W. Brown, being first duly sworn upon his oath, states:

That he is the Plaintiff above named; that he has read the above and foregoing document and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of his information, knowledge and belief.

_____
Harold W. Brown

Subscribed and sworn to before me this 28 day of January, 2019.

_____
Notary Public   00016175

My commission expires: 9-25-20

(SEAL)

JENNIFER DART
Notary Public
State of Oklahoma
Commission # 00016175  Expires 09/25/20